# Case No. 9,906.

## In re MULDAUR et al.

[8 Ben. 127.] [1]

District Court, S. D. New York. June, 1875.

BANKRUPTCY—POWER OF REGISTER—EXPUNGING CLAIM—PRACTICE.

Under general order in bankruptcy No. 34, a register has no power to expunge or diminish the claim of a creditor, if the creditor objects, but must require the parties to form an issue, to be certified to the court for determination.

[This case was previously heard upon the application of the assignee to be allowed additional fees. Case No. 9,905.]

In this matter [of Emile H. Muldaur and others,] the register certified to the court that the assignee had presented to him a petition for the re-examination of the claim filed against the estate by Charles S. Baum; that he made an order for such re-examination, on which the creditor appeared, and evidence was taken on behalf of the assignee and of the creditor, which was submitted to the register for decision, and he thereupon, on

the 15th of February, 1875, made an order expunging the claim; that, thereafter, counsel for the assignee applied to him, on notice to the creditor, to take further action in the premises, which the register, considering the order of February 15th as valid, declined to take; and that, on request of said counsel, he certified the matter to the court.

BLATCHFORD, District Judge. I understand general order No. 34 to mean, that, if the creditor objects to having his claim expunged or diminished, the register cannot order it to be expunged or diminished, but must require the parties to form an issue, to be certified to the court for determination. If, therefore, the attorney for Baum, prior to the making of the order of February 15th, 1875, by the register, and after the testimony taken before the register was closed, took the ground, before the register, that the evidence taken did not justify the expunging or diminishing of the claim, the order of February 15th ought now to be vacated, and the proceedings ought to be resumed at the stage at which they were before such order was made.